UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL SCOTT BEATY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>Defendant. | NO. C17-6056-RSM-JPD<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

The Court has reviewed the record and the parties' briefing in this matter and directs the parties to submit supplemental briefing explaining whether recent revisions to Listing 12.05, which became effective January 17, 2017, are applicable to this appeal.

The issue in this appeal is whether plaintiff's mental impairments met or equaled Listing 12.05, 40 C.F.R. pt. 404, Subpt. P., App. 1 § 12.05. Dkt. 10 at 1. The ALJ found that plaintiff did not meet the provisions of paragraph D of the version of Listing 12.05 that was applicable at the time of plaintiff's application for benefits, the hearing, and the ALJ's decision. Tr. 43-44. The ALJ did not conduct any analysis under paragraph C of the listing, but it appears to the Court that plaintiff's impairments may meet that provision.

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 1

However, Listing 12.05 was revised, effective January 17, 2017. Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01 (Sept. 26, 2016). The revisions deleted paragraphs C and D and revised former paragraphs A and B. *Id*. The revisions provide that:

> we will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand.

*Id*. The ALJ issued his decision on May 18, 2016—prior to the effective date of the revised listing—and applied the version then applicable, which contained paragraphs C and D. The Appeals Council, however, did not deny plaintiff's appeal until July 6, 2017; thus, the decision was not final until after the effective date of the new regulations. 20 C.F.R. §416.1401. Plaintiff's briefing did not discuss whether the revisions were applicable. Dkts. 10, 12. The Commissioner's brief simply quoted the revised listing with no indication that it differed from the version applied by the ALJ, and no discussion of why the revised version should apply. Dkt. 11 at 5. Application of the revised listing here, where the application for benefits, hearing and ALJ decision occurred under the former listing, raises issues of retroactivity.

"Retroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). While Congress has the power to enact statutes that apply retroactively if it expressly states its intent to do so, a regulatory agency cannot promulgate retroactive regulations unless it has been given such authority by Congress. *Id*. Congress has not granted the SSA retroactive rulemaking authority. *Bowen*, 488 U.S. at 213-14. *See also Frost v. Barnhart* 314 F.3d 359, 371 (9th Cir. 2002) (Beezer, J., dissenting); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 645 (6th. Cir. 2006). A statute or regulation has retroactive effects if it

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 2

"attaches new legal consequences to events completed before its enactment. . . . [F]amiliar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1984).

Applying *Landgraf*, the Ninth Circuit has held that the application of an amendment to the Social Security Act to cases that were not finally decided at the time of the effective date "represents a retroactive application of the statute." *Ball v. Massanari*, 254 F.3d 817, 820-21 (9th Cir. 2001). In *Ball*, plaintiff's hearing before the ALJ had occurred two years before the effective date of a statutory amendment removing alcoholism as a basis of disability, but the ALJ did not issue his decision until after the effective date. 254 F.2d at 820. The court found that this constituted retroactive application.[1]

Similarly, in *Maines v. Colvin*, No. 14-15258, 666 Fed.Appx. 607, 608 (9th Cir. Nov. 16, 2016), the court reversed a District Court decision requiring the application on remand of a revised listing whose effective date was after plaintiff filed for benefits, but before the decisions of the ALJ and the Review Council. *Id*. The revised listing contained effectiveness language identical to that in the listing at issue here.[2] The court, citing *Ball*, stated that "[a]bsent express direction from Congress to the contrary, the ALJ should have continued to evaluate [plaintiff's] application under the listings in effect at the time she filed her application." *Id.*

Courts in this District, citing *Maines*, have applied former 12.05C in judicial appeals after the effective date of the revised regulations—albeit in cases in which the agency decision

---

[1] The court upheld the retroactive application of the amendment because the amendment was a congressional enactment and reflected the necessary congressional intent of retroactivity. 254 F.2d at 821.
[2] Revised Medical Criteria for Evaluating Endocrine Disorders, 76 Fed. Reg. 19692-01 at n.3.

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 3

became final before the effective date.  *See, e.g., Blacktongue v. Berryhill*, 229 F.Supp.3d 1216, 1221 n.6 (W.D. Wash. 2017); *Caffall v. Berryhill*, No. C17-5051 MAT, 2017 WL 5009692 at *2 n.2 (W.D. Wash. Nov. 2, 2017).  Other courts have likewise held that application of revised regulations in pending cases is improperly retroactive.  *See Nash v. Apfel*, No. 99-7109, 215 F.3d 1337, 2000 WL 710491 at *2 (10th Cir. June 1, 2000) (Table) (applying listing change retroactively to claimant who was erroneously denied benefits under an earlier listing, even though claimants who had been granted benefits could continue to receive them, would be a "perverse result"); *Kokal v. Massanari*, 163 F.Supp.2d 1122, 1134 (N.D. Cal. 2001) (applying the repeal of a listing to cases pending on administrative or judicial appeal "is erroneous because it would result in impermissible retrospectivity without Congressional authority and would be unfairly retroactive."); *Cherry v. Barnhart*, 327 F.Supp.2d 1347, 1357-59 (N.D. Okla. 2004) (application of listing deletion to case filed, but not initially determined, before effective date was impermissible retroactive rulemaking); *Portlock v. Barnhart*, 208 F.Supp.2d 451, 461 (D.Del.2002) (application of revised listing to claim decided by ALJ but pending Appeals Council review on effective date was impermissible retroactive application); *but see Combs*, 459 F.3d at 651(divided plurality concluded that application of listing repeal to claims filed before the change and still pending after it is not retroactive because change was procedural, not substantive).

      Before this Court can decide the merits of plaintiff's appeal, it must determine which version of Listing 12.05 applies.  The parties are directed to file briefs addressing this issue,

//

//

//

//

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 4

including discussion of the cases discussed above, or other relevant authority.  If the former listing applies, the parties should further address the applicability of former Listing 12.05C to this case.  The parties are directed to file their supplemental briefing by **Friday, October 5, 2018**.

DATED this 28th day of September, 2018.

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 5